O

# United States District Court
# Central District of California

BONDED APPAREL, INC.,

        Plaintiff,

     v.

R2D APPAREL, INC.; RABIN
ARREHBORI; MRR2, INC.; REYMOND
ARREHBORI; ROSS STORES, INC.
d/b/a ROSS DRESS FOR LESS;
BURLINGTON STORES, INC. d/b/a
BURLINGTON COAT FACTORY; THE
TJX COMPANIES, INC. d/b/a T.J.
MAXX d/b/a MARSHALLS; DOES 1
through 110, inclusive; M.R.R. FABRIC,
INC.,

        Defendants.

Case No. 2:15-cv-04406-ODW (JEM)

**ORDER DENYING *EX PARTE*
APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION [13]**

## I.   INTRODUCTION

On June 10, 2015, Plaintiff Bonded Apparel, Inc. filed the original Complaint.
(ECF No. 1.)  On June 18, 2015, Bonded Apparel filed the First Amended Complaint
(ECF No. 10) and the pending *Ex Parte* Application for Temporary Restraining Order
and Preliminary Injunction ("TRO Application") (ECF No. 13).  In its First Amended
Complaint, Bonded Apparel alleges that Defendants are currently infringing on its

clothing-line trademark.  (FAC ¶¶ 25–60.)  In its TRO Application, Bonded Apparel requests the Court to issue emergency equitable relief that would require Defendants to (a) immediately terminate all infringing conduct and (b) "freeze all funds payable to Retail Defendants stemming from the sale of [infringing] product."  (ECF No. 13-11 at ii–v.)  Bonded Apparel admits that "Defendants have not yet been personally served with copies of the Summons and Complaint or provided notice of this application." (ECF No. 13 at 2.)   Bonded Apparel justifies the *ex parte* nature of its TRO Application as follows:  "If Plaintiff was required to provide notice of this application, Defendants, namely the Manufacturing Defendants, are likely to secrete their illicit proceeds, which will both irreparably harm Plaintiff by removing assets from this Court's jurisdiction and frustrate the Court's ability to exercise its authority to provide ultimate equitable relief, such as an accounting."  (*Id.* at 7.)

## II.   LEGAL STANDARD

A court may only issue an *ex parte* temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1); *see also* C.D. Cal. L.R. 7-19.2.  Although the requirements in Rule 65(b) are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).  "The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high."  *Shallman v. Ocwen Loan Servicing, LLC*, No. 14-cv-0863, 2014 WL 2533836, at *2 (C.D. Cal. June 5, 2014).  "The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an ex parte TRO."  *Caldwell v. Wells*

*Fargo Bank, N.A.*, No. 13-cv-1344, 2013 WL 3789808, at *3 (N.D. Cal. July 16, 2013) (citing *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

### III.    DISCUSSION

Bonded Apparel fails to satisfy "very high" burden for issuing an *ex parte* temporary restraining order.  *Shallman*, 2014 WL 2533836, at *2.  The pending TRO Application seeks numerous equitable remedies that are approved under the Lanham Act.  For example, Bonded Apparel could potentially obtain an injunction preventing future infringement as well as a disgorgement of profits.  *See* 15 U.S.C. 1125(a) (authorizing courts to "grant injunctions, according to principles of equity and upon such terms as the court may deem reasonable").  This authorized equitable relief, however, is not freely granted without notice to the nonmoving party.

In *Reno Air Racing*, the Ninth Circuit set forth the requirements for granting *ex parte* equitable relief in trademark infringement cases.  452 F.3d at 1125.  The Ninth Circuit instructs as follows:

> In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.   In the trademark arena, such cases include situations where an alleged infringer is likely to dispose of the infringing goods before the hearing.  To justify an ex parte proceeding on this latter ground, the applicant must do more than assert that the adverse party would dispose of evidence if given notice.   Plaintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing . . . and must support such assertions by showing

> that the adverse part has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history.

*Id.* at 1131 (internal citations and quotation marks omitted).

Here, Bonded Apparel makes no showing that Defendants are likely to hide assets if served process and provided notice of the TRO Application.  There is no indication that Defendants' bank accounts are the only assets that could satisfy a judgment, and in fact, it appears that Defendants have property assets within the Court's reach.  (*See* ECF No. 13, Ex. 5.)  There is simply no reason why the Court should issue an injunction without allowing Defendants to be heard.  Bonded Apparel's bald assertion that Defendants may "secret their illicit proceeds" is not enough to carry its "very high" burden for *ex parte* relief.  *Shallman*, 2014 WL 2533836, at *2.  The Court recognizes that it can freeze assets at the onset of litigation if the moving party shows "a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted."  *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).  However, there is no law authorizing *ex parte* relief under the circumstances presented in this case.  The Court finds that Bonded Apparel can refile its request for relief after it provides notice to Defendants, and the Court will make the appropriate determination after hearing arguments from both sides.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.   CONCLUSION

Bonded Apparel failed to prove "immediate and irreparable injury" that would result if Defendants were given the opportunity to be heard in this case.  Fed. R. Civ. P. 65(b)(1).  For the reasons discussed above, the Court **DENIES** Bonded Apparel's *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction in full.  (ECF No. 13.)

**IT IS SO ORDERED.**


June 19, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**