O

# United States District Court
# Central District of California

| | |
|---|---|
| BONDED APPAREL, INC., <br><br> Plaintiff, <br><br> v. <br><br> R2D APPAREL, INC.; RABIN ARREHBORI; MRR2, INC.; REYMOND ARREHBORI; ROSS STORES, INC. d/b/a ROSS DRESS FOR LESS; BURLINGTON STORES, INC. d/b/a BURLINGTON COAT FACTORY; THE TJX COMPANIES, INC. d/b/a T.J. MAXX d/b/a MARSHALLS; DOES 1 through 110, inclusive; M.R.R. FABRIC, INC., <br><br> Defendants. | Case No. 2:15-cv-04406-ODW (JEM) <br><br> **ORDER DENYING PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [33]** |

Pending before the Court is Plaintiff Bonded Apparel, Inc.'s Second *Ex Parte* Application for a Temporary Restraining Order. (ECF No. 33.) This is Plaintiff's second request for immediate injunctive relief—the Court denied Plaintiff's first request on June 19, 2015. (ECF No. 15.) Since denying the first request, Plaintiff effectuated service and all Defendants have appeared. This is a trademark

/ / /

infringement suit brought under the federal Lanham Act, 15 U.S.C. § 1125, and California law. (ECF No. 10.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of the equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tip sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party bears the burden of meeting all four *Winter* prongs. *DISH Network v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

The pending Application, filed on July 30, 2015, alleges that Defendants are currently infringing Plaintiff's trademarked "Millie" clothing line, which was established in 2013. (ECF No. 33 at 3.) On July 31, 2015, Defendants Rabin Arrehbori, Reymond Arrehbori, M.R.R. Fabric, Inc., and R2D Apparel, Inc. filed an Opposition to the Application. (ECF No. 34.) In their Opposition, Defendants include a declaration from Defendant Raymond Arrehbori in which Arrehbori swears under the penalty of perjury that he began selling clothing branded as "Millie" in 2012—a year prior to Plaintiff's alleged creation of its trademarked line. (Arrehbori Decl. ¶ 8.) Arrehbori attached an invoice dated August 1, 2012, which indicates that he sold hundreds of pants labeled as "Millie." (*Id.*, Ex. 3.)

This declaration raises a question of fact regarding the ownership of the mark in question. Plaintiff is not likely to succeed on the merits of its trademark infringement claim if Defendants were the first to use the "Millie" trademark on clothing. *See*

*Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services."). While Plaintiff claims that it is clearly entitled to equitable relief, Defendants muddied all clarity in their Opposition. Plaintiff bears the burden of making a "*clear* showing" that it is likely to succeed on the merits of its trademark infringement claim, *see Winter*, 555 U.S. at 21 (emphasis added), and it failed to carry that burden here.

Preliminary injunctive relief is also not appropriate because Defendants represent that there is no longer any threat of irreparable harm. Defendants claim they no longer possess any inventory branded with "Millie" and "they will not manufacture or sell any more products with the name Millie on it." (ECF No. 34 at 3.) Without any continued threat of irreparable harm to Plaintiff, preliminary equitable relief is not necessary.

For the reasons stated above, Plaintiff is not entitled to a temporary restraining order. The Court hereby **DENIES** Plaintiff's Second *Ex Parte* Application for a Temporary Restraining Order in full. (ECF No. 33.) If Plaintiff believes that additional facts or further argument will support its position, then Plaintiff should comply with Local Rule 6-1. Full and responsive briefing, and not an *ex parte* temporary restraining order, is the preferred procedure to resolve disputes. The Court will not entertain any further applications for temporary restraining orders.

**IT IS SO ORDERED.**

August 4, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**